SEPEHR DAGHIGHIAN, State Bar No. 239349
**LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**
433 North Camden Drive, Fourth Floor
Beverly Hills, California 90210
Telephone:  (310) 887-1333
Facsimile:   (310) 887-1334
E-mail: sepehr@daghighian.com          E-FILED 04-18-2011

Attorney for Plaintiff:
**AMERIDERM, INC.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIDERM, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BIO JOUVANCE, INC., a California Corporation, MEI BEAUTY PRODUCTS, INC., a California Corporation, THOMAS CHANG, an individual, MEI YIN CHANG, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV 11 -01754 GHK FMOx<br><br>**FINAL ORDER ON CONSENT FOR PERMANENT INJUNCTION AND MONETARY RELIEF**<br><br>NOTE: CHANGES MADE BY THE COURT |

    Plaintiff Ameriderm, Inc. (hereafter "Ameriderm") and Defendants Mei Beauty Products, Inc., Thomas Chang, and Mei Yin Chang, (collectively "Defendants") hereby stipulate and consent to the following:

    WHEREAS, Ameriderm has filed a Complaint against Defendants in the Central District of the United States District Court, which has been assigned Case No. 11-01754 GHK (FMOx) (hereafter "Civil Action 11-01754"), alleging causes of action for Trade Dress Infringement and Unfair Competition Under California Business & Professionals Code § 17200;

WHEREAS, Defendants were served with the Complaint; and

WHEREAS, Ameriderm and Defendants are desirous of resolving all of the issues and claims raised in Civil Action 11-01754 on the terms and conditions set forth in this Agreement:

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of the Civil Action and personal jurisdiction over each of the Defendants.

2. Within three (3) business days of the mutual execution of this Agreement, Defendants shall deliver to the office of counsel for Ameriderm, a cashier's check for $8,000.00 payable to Ameriderm, Inc. as payment for settlement of this case.

3. Defendants agree and acknowledge Ameriderm's sole right to the design for products alleged in the complaint and provided for in United States Trademark Application No. 85187706 (the "Ameriderm Design"). Defendants agree that they shall not, in any future action (civil, U.S.P.T.O., Trademark Trial and Appeal Board, or otherwise) challenge such design on the basis of genericness, prior use, nondistinctiveness, functionality, or other such defenses to infringement.

4. Defendants agree and acknowledge that they shall not in the future sell any microdermabrasion device that is confusingly similar in design to the Ameriderm Design. Without limiting Ameriderm's rights, the party's acknowledge and agree that a microdermabrasion device that is sold with any of the following three (3) design descriptions infringes upon the Ameriderm design: (a) a microdermabrasion device wherein on the approximate center front of the device, the device features a round gauge and below and to each side of the gauge are circular buttons/controls/indicators/knobs; below and to the outer side of each button are two buttons/controls/indicators/knobs; the gauge and two sets of buttons/controls/indicators/knobs are configured in a triangular shape; Or (b) a

microdermabrasion device wherein on the approximate center front of the device features a round gauge and below the gauge are two ports. Or (c) The right side of the device features two clear cylindrical tanks and the right side of the front plate of the device is cut-away in a arch shape that exposes the tanks.

5. Within ten (10) business days of the execution of this agreement, Defendants shall deliver to Ameriderm all microdermabrasion devices in the possession, custody, or control that are confusingly similar in design to the Ameriderm Design. Within ten (10) business days of the execution of this agreement, Defendants shall deliver to Ameriderm (or its counsel) all molds or tools used to build devices that infringe upon the Ameriderm Design.

6. Should Defendants violate any provision of this Order, including the requirement for monetary payment, Ameriderm may be entitled, in addition to all relief under 18 U.S.C. § 401, et seq., a contempt of a Court Order, including costs and reasonable attorneys' fees.

7. To the extent Defendants, or any one of them, sell any device that infringes upon the Ameriderm Design, that Defendant shall be required to pay liquidated damages of $5,000 per infringing device sold.

8. The remedies set forth above are in addition to any other contempt remedies to be determined by the Court, which may include additional fines and seizure of property.

9. This Order is in full settlement of all claims asserted in the Civil Action, all relief and remedies requested in the Civil Act, and all defenses and counterclaims that were or could have been asserted by the Defendants in the Civil Action and all relief and remedies requested or that could have been requested by Defendants, and shall constitute a final adjudication on the merits as to any such claims, counterclaims and defenses.

10. The parties to this Order waive all right to appeal from entry of this Order.

11. The Defendants each acknowledge that they have obtained advice of counsel with respect to this Order. The Defendants each further acknowledge that their decision to enter into this Agreement was not influenced by any promises, representations, or statements made by Plaintiff or anyone acting on its behalf other than those set forth in this Order.

12. This Court shall retain jurisdiction over this matter and the parties to it to enforce the terms of the Order and for purposes of making any other orders necessary to implement the terms of this Order and to punish or award damages for violation thereof.

13. Defendant Bio Jouvance shall not be bound by the terms of this Order.

14. By their signatures and acknowledgments below, the parties understand and agree to be bound by the terms of this Order.

15. This Order is a final Order.

Dated: _4/15/11_____, Los Angeles, California

SO ORDERED:

_____
George H. King
United States District Judge

[PARTIES SIGNATURE PAGE FOLLOWS]

STIPULATED AND AGREED:

Dated: _____  AMERIDERM, INC., a California Corporation

_____
By: Frank Chang, President

Dated: _____  MEI BEAUTY PRODUCTS, INC., a California Corporation

_____
By: _____
Its: _____

Dated: _____  MEI YIN CHANG, an individual

_____
By: Mei Ying Chang

Dated: _____  THOMAS CHANG, an individual

_____
By: Thomas Chang